**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SCOTT SMITH, JR.**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 5:20-CR-00691-001**<br><br>**JUDGE DONALD C. NUGENT**<br><br><u>**DEFENDANT'S   SENTENCING**</u><br><u>**MEMORANDUM**</u> |
| | | |

NOW COMES the Defendant, Scott Smith, Jr., by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/ J. Reid Yoder*
J. Reid Yoder (0076587)
ryoder@dpylaw.com
209 South Main Street, Third Floor
Akron, Ohio 44308
Telephone:    330.762.7477
Facsimile:    330.762.8059

*Attorney for Defendant*

1

**MEMORANDUM**

I.  **PERSONAL HISTORY**

Scott Smith, Jr. is 36 years old and was born in St. Louis, Missouri, where he and his two siblings were raised by his mother in a lower-class area of St. Louis. At the age of 12, Mr. Smith, Jr. was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) by a school psychologist. Thereafter, at the age of 15, he was diagnosed with mild retardation. His condition was deemed significant enough that he subsequently received social security disability benefits.

At the age of 13 his family moved to Illinois. Mr. Smith, Jr.'s father was not involved in his life, and he was subjected to physical and emotional abuse by his mother's boyfriend throughout his teenage years. During this period of his life, Mr. Smith, Jr. was also first exposed to drugs through his brother's abuse of marijuana and alcohol. The tumult of his teenage years culminated in his being kicked out of the house by his mother's boyfriend at the age of 18. Mr. Smith, Jr. graduated from Gillespie High School in Gillespie, Illinois, in 2003, where he had an individualized education program for slow learning. He married his wife, Zara Smith, in June of 2020.

As for his health, Mr. Smith, Jr. suffers from Type II diabetes, for which he takes Metformin twice per day to help regulate his insulin. He also has suffered from depression and anxiety for most of his life, for which he even received counseling from 2019 to 2020. Further, he is addicted to alcohol and previously had reported a $600-per-day marijuana habit during a substance abuse assessment from the Illinois Department of Corrections. Just prior to his arrest in this present matter, Mr. Smith, Jr. had been living in Canton, Ohio.

II.  **STATEMENT OF THE CASE**

Mr. Smith, Jr. was convicted on January 4, 2008, of Aggravated Criminal Sexual Abuse, in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. As a result of that conviction, he

2

was required to register as a sex offender for the rest of his life in his place of residency. Thereafter, on August 5, 2020, Mr. Smith, Jr. registered as a sex offender and listed an address in Marion, Illinois, as his place of residence. However, later that month, he travelled from Illinois to Canton, Ohio, and though he worked and resided in Canton at that time, he failed to register as a sex offender at his new residence.

As a result of his moving from Illinois without notifying his probation officer or registering his change of address, a supervised release warrant was obtained by the Southern District of Illinois on August 28, 2020. About two weeks later, on September 11, 2020, Barberton Ohio police officers, responding to a call of solicitors going door to door trying to sell products, spoke with Mr. Smith, Jr. and his wife. The officers arrested Mr. Smith, Jr. After a criminal record check revealed his outstanding warrant from the Southern District of Illinois. On October 22, 2020, Mr. Smith, Jr. was named in a one-count Indictment. Count 1 charged that on September 11, 2020, he had failed to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Mr. Smith, Jr. pleaded guilty to Count 1 on December 18, 2020.

## III. LAW AND ARGUMENT

### A. The Current State of Sentencing Law in the Wake of *United States v. Booker*

Sentencing procedure changed fundamentally in the wake of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas previously the Federal Sentencing Guidelines were essentially mandatory in nature, today they are "effectively advisory" in all cases. *Id*. at 245. Consequently, it is required that district courts impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing pursuant to 18 U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6" Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

Moreover, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court made clear that district courts are to consider all of the sentencing criteria set forth in § 3553 in sentencing. The procedure

3

for considering the sentencing criteria as delineated by the Court in *Gall* is as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6" Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof..."). Significantly, the "sufficient but not greater than necessary" standard of § 3553 is not merely a guideline but an upper limit on the sentence that may be imposed by a Court.

### B. Guideline Calculations

In accordance with the plea agreement in this case, the parties agree that Mr. Smith, Jr.'s Base Offense Level is 16, pursuant to U.S.S.G. §2A3.5(a)(1). Given that Mr. Smith, Jr. has clearly demonstrated his acceptance of responsibility for this offense, the parties anticipate a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a) and a one-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(b), for a Total Offense Level of 13. Finally, the parties also anticipate a total criminal history score of 14 resulting in a Criminal History Category VI, for an advisory guideline range of 33 to 41 months.

### C. Application of the Statutory Sentencing Criteria

4

1.  **§3553(a)(1) –- Nature and Circumstances of the Offense and History and Characteristics of the Defendant.**

Mr. Smith, Jr. recognizes the seriousness and wrongfulness of the offense. In his written statement he provided to the probation officer on February 24, 2021, Mr. Smith, Jr. acknowledged that he is "completely to blame" for his failure to register as a sex offender upon travelling to Ohio. (Presentence Investigation Report at 4). He further stated: "I sincerely apologize for my actions and accept full responsibility." (Id.). In an effort to further accept responsibility for his actions and to set about the path toward atonement, Mr. Smith, Jr. pleaded Guilty in this matter. He greatly desires to correct his life course and to once-and-for-all overcome his adverse upbringing. It is requested that this Court consider a sentence at the lower end of the guideline range in this matter, and that the sentence imposed in this case run concurrent with his anticipated sentence in his case out of the Southern District of Illinois in consideration of Mr. Smith, Jr.'s ready acceptance of responsibility in this matter.

2.  **§3553(a)(2)(D) — Provide the Defendant with Needed Medical Care.**

As stated above, Mr. Smith, Jr. suffers from Type II diabetes, an alcohol addiction, and has experienced depression and anxiety for most of his life. Mr. Smith, Jr. has completed substance abuse treatment while incarcerated, but believes he would greatly benefit from continued substance abuse counseling. It is requested that the sentence be tailored so as to account for the treatment required for Mr. Smith, Jr.'s type-II diabetes and for his substance-abuse and mental-health related issues. It is further requested that this Court recommend to the Bureau of Prisons that Mr. Smith, Jr. be sent to USP Marion in Illinois.

**CONCLUSION**

Mr. Smith, Jr. deeply regrets the wrongfulness of his actions and yearns to take responsibility in order that he may set about the road to atonement. He has in this matter been wholly candid in his guilt and has accepted responsibility for his actions.

In light of Mr. Smith Jr.'s ready acceptance of responsibility, it is respectfully requested that this Honorable Court consider a sentence at the lower end of the guideline range and that the sentence imposed in this case run concurrent with his anticipated sentence in his case out of the Southern District of Illinois. It is further requested that this Court recommend to the Bureau of Prisons that Mr. Smith, Jr. be incarcerated at USP Marion in Illinois.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/ J. Reid Yoder*
J. Reid Yoder (0076587)
ryoder@dpylaw.com
209 South Main Street, Third Floor
Akron, Ohio 44308
Telephone: 330.762.7477
Facsimile: 330.762.8059

*Attorney for Defendant*

### CERTIFICATE OF SERIVICE

I hereby certify that on March 30, 2021, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ J. Reid Yoder
J. Reid Yoder (0076587)